IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Romail Leach,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:05-cr-00770-TLW-4<br>C/A No. 4:14-cv-02410-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Romail Leach. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to two counts of using, carrying, and possessing a firearm during, in relation to, and in furtherance of a crime of violence under 18 U.S.C. § 924(c) and was sentenced to 32 years imprisonment, which consisted of 7 years on one count and 25 years consecutive on the other count. He filed a direct appeal and the Fourth Circuit affirmed on July 5, 2007. *United States v. Leach*, 231 F. App'x 293 (4th Cir. 2007). He did not file a petition for writ of certiorari in the Supreme Court.

On or about June 10, 2014,[1] Petitioner filed this § 2255 petition asserting that he was

---

[1] The petition is dated June 10, 2014 and it was filed on June 16, 2014, but there is no indication in the record of when the petition was placed in the prison mailing system for purposes of calculating the filing date under *Houston v. Lack*, 487 U.S. 266 (1988). However, giving Petitioner the benefit of the doubt and crediting the filing date as the date on the petition does not affect the outcome of the case.

1

sentenced in violation of the Fifth and Sixth Amendments because he was sentenced based on a conclusion by the Court that he brandished a firearm when brandishing was not charged in the Indictment, in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  ECF No. 306 at 4. The Government filed a response in opposition and a motion for summary judgment, asserting that the petition should be dismissed as untimely and because *Alleyne* does not apply retroactively on collateral review.  ECF Nos. 310, 311.  He did not file a reply, despite the Court's issuance of a *Roseboro* order.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III.   Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.   Discussion

### A.   Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely.

3

The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

### 1.     *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1). His one-year statute of limitations began to run on October 3, 2007, the date his time expired to file a petition for writ of certiorari in the Supreme Court.[2] Thus, under § 2255(f)(1), he had one year—until October 3, 2008—in which to file his petition. However, he did not file his petition until June 10, 2014—nearly six years too late. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).

### 2.     *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the

---

[2] Rule 13 of the Supreme Court Rules gives a defendant 90 days from the entry of judgment to file a petition for writ of certiorari.

4

Government that prevented him from making his petition.  Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(2).

### 3. § 2255(f)(3)

Section 2255(f)(3) only applies where the right asserted was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  The case that Petitioner relies on—*Alleyne v. United States*, 133 S. Ct. 2151 (2013)—has not been made retroactively applicable to cases on collateral review.  *See, e.g.*, *United States v. Stewart*, 540 F. App'x 171, 172 n.\* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) ("The [Supreme] Court has not held that *Alleyne* applies retroactively to cases on collateral review."); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne* was not made retroactively applicable on collateral review, and noting that it is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which itself is not retroactive).  Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(3).

### 4. § 2255(f)(4)

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case.  Petitioner does not allege, much less establish, that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence.  Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(4).

### B. Equitable Tolling

Petitioner has not asserted that the doctrine of equitable tolling applies to this case, nor

does the Court's review of the record indicate any basis to apply the doctrine to this case.

## V.   Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 311, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 306, is **DENIED**. This action is hereby **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 9, 2015
Columbia, South Carolina

---

[3] The Court also notes even if his petition were not barred as untimely, Petitioner would not be entitled to relief on the merits because *Alleyne* does not apply retroactively.

6