IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Romail Leach,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:05-cr-00770-TLW-4<br>C/A No. 4:16-cv-02125-TLW<br><br>**Order** |

Petitioner Romail Leach pled guilty to two counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and the Court sentenced him to a total of 32 years incarceration, consisting of 7 years on Count 4 and 25 years consecutive on Count 11. ECF No. 221. Count 4 was related to a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Count 11 was related to a kidnapping and carjacking, in violation of 18 U.S.C. §§ 1201(a) and 2119, respectively. In his initial and amended § 2255 petitions, he challenges his convictions on both counts.

As to Petitioner's conviction on Count 4, he makes two arguments why Hobbs Act robbery is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically under § 924(c)'s force clause in light of *Descamps v. United States*, 570 U.S. 254 (2013) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Petitioner's argument as to the force clause is not persuasive. Every circuit court that has addressed the issue has concluded that substantive Hobbs Act robbery

1

is a valid § 924(c) predicate under the force clause. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). There is no basis to conclude that the Fourth Circuit would rule contrary to its sister circuits.[1]

The analysis in the above cases applies here and is persuasive. Accordingly, the Court embraces that authority and concludes that Hobbs Act robbery qualifies as a § 924(c) predicate under the force clause.[2] *See also Stokeling v. United States*, 139 S. Ct. 544, 551, 554 (2019) (concluding that a robbery conviction is a violent felony under the ACCA's force clause as long as the conviction categorically required force sufficient to overcome a victim's resistance, however slight the resistance); *United*

---

[1] The Court notes that this issue is currently before the Fourth Circuit in at least three cases: *United States v. Allen*, No. 4:02-cr-00750-TLW-2 (D.S.C. Feb. 5, 2019) (order denying § 2255 petition), *appeal docketed*, No. 19-6305 (4th Cir. Mar. 4, 2019); *United States v. Gleaton*, No. 3:18-cr-00006-TLW-1 (D.S.C. Mar. 26, 2018) (order denying motion to dismiss), *appeal docketed*, No. 18-4558 (4th Cir. Aug. 8, 2018); *United States v. Wilson*, No. 3:17-cr-00138-TLW-1 (D.S.C. Sept. 22, 2017) (order denying motion to dismiss), *appeal docketed*, No. 18-4159 (4th Cir. Mar. 15, 2018).

[2] As to § 924(c)'s residual clause, the Fourth Circuit recently concluded that it is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc). However, *Simms* has no impact on this case because that decision only involved the residual clause, not the force clause.

*States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (concluding that carjacking under 18 U.S.C. § 2119 is a crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)(3)(A)).

As to Petitioner's conviction on Count 11, the Fourth Circuit has foreclosed his argument, holding that "the carjacking statute qualifies as a crime of violence under Section 924(c), because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Evans*, 848 F.3d at 244 (quoting 18 U.S.C. § 924(c)(3)(A)).[3]

Because Hobbs Act robbery and carjacking qualify as crimes of violence under § 924(c)(3)(A), Petitioner's petition and amended petition for relief pursuant to § 2255, ECF Nos. 353, 400, are **DENIED**. This action is hereby **DISMISSED**.[4]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as

---

[3] Because carjacking qualifies as a crime of violence, it is not necessary for the Court to decide whether kidnapping also qualifies.

[4] A response from the Government is not required because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

3

to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                      *s/ Terry L. Wooten*
                                      Terry L. Wooten
                                      Senior United States District Judge

April 17, 2019
Columbia, South Carolina